IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CASE NO. 4:19-CR-053-NBB-JMV

LAMARCUS MARTIN

**ORDER DENYING MOTION TO SUPPRESS**

Presently before the court is the defendant Lamarcus Martin's Motion to Suppress Tangible Evidence. The defendant seeks to suppress the evidence in this case based on his assertion that his arrest was unlawful because the police stopped him without probable cause.

The defendant is charged by indictment with possession of a weapon and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), with possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a) and (b)(1)(D), and with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

On August 29, 2018, Greenville, Mississippi Police Chief Delando Wilson and Assistant Chief Michael Merchant observed the defendant entering a red Chevrolet Camaro. The officers followed the vehicle and initiated a traffic stop shortly thereafter because Chief Wilson knew that the defendant had an outstanding arrest warrant with the Greenville Police Department. The Government alleges that when the vehicle stopped, the defendant exited the passenger side with a black backpack and ran. The officers ran after him and allege that they witnessed the defendant drop what appeared to be marijuana in a clear plastic bag and later a large glass jar which also contained what appeared to be marijuana. The defendant was still in possession of the black backpack when he was taken into custody shortly thereafter. The Government alleges that a search of the backpack revealed more marijuana, a digital scale, a box of sandwich bags,

and two loaded firearms.  The plastic bag and glass jar dropped by the defendant during the chase were retrieved, and the substance inside each was subsequently confirmed to be marijuana.

The defendant denies that he had an outstanding warrant at the time of his arrest and asserts that his arrest was therefore unlawful.  The Government has responded, however, by producing a copy of the outstanding warrant issued on December 7, 2017.  The Government also attached to their response a copy of the defendant's August 29, 2018 booking report confirming that probable cause for the arrest was based on this outstanding warrant.

Accordingly, the court finds that the defendant's Motion to Suppress Tangible Evidence should be, and the same is hereby, **DENIED**.

**SO ORDERED AND ADJUDGED** this 28th day of June, 2019.

    /s/ Neal Biggers  
NEAL B. BIGGERS, JR.  
UNITED STATES DISTRICT JUDGE