## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

LAMARCUS MARTIN,                                                    MOVANT

v.                                                      No. 4:19CR53-SA-JMV

UNITED STATES OF AMERICA                                        RESPONDENT

### MEMORANDUM OPINION

This matter comes before the court on the motion of Lamarcus Martin to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be dismissed as procedurally defaulted – and as frivolous.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2255

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*.

## Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require

the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the Movant bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**Facts and Procedural Posture**[1]

On March 27, 2019, Movant Lamarcus Martin was charged in a three-count Indictment with possession of a firearm by a convicted felon (Count One-18 U.S.C. § 922(g)), possession of marijuana with intent to distribute (Count Two-21 U.S.C. § 841(a)), and possession of a firearm in relation to a drug trafficking offense (Count Three-18 U.S.C. § 924(c)). Doc. 1. Shortly afterwards, the Department of Justice ("DOJ") changed the manner in which it charged and prosecuted cases under 18 U.S.C. § 922(g) based upon *Rehaif v. United States*, 139 S.Ct. 2191 (2019), which was pending at the time. While the opinion in *Rehaif* was not published until June 21, 2019 (some six months after the original indictment issued), the DOJ anticipated the shift in the law to require not only that a defendant knew that he possessed a firearm – but that he also knew that he was a convicted felon at the time of the offense. In light of the anticipated shift, the DOJ advised its network of U.S. Attorneys to change the standard language used in a charge under § 922(g) to modify the location of the word "knowingly" and to include, as an element of the offense at a change of plea hearing or trial, language to show that the defendant knew of his felony conviction.

In light of these changes in the manner of handling cases under § 922(g), on May 15, 2019, the government obtained a Superseding Indictment against Martin, charging the same three counts, but modifying the language in Count One to assert that Martin, having previously been convicted of a felony, did possess one or more firearms, and did so knowingly. Doc. 13. Based upon guidance from the DOJ, the word "knowingly" was moved from its original location

---

[1] The court has drawn the facts and procedural posture of this case from the Government's Response to the instant motion to vacate, set aside, or correct sentence, as they are both well-documented and uncontested.

immediately preceding the word "possess" to the end of the charge, to reflect not just that Martin knowingly possessed a firearm, but did so knowing that he was a convicted felon. *Id.*

The case proceeded to trial on September 30, 2019. During the course of the trial, the parties entered into a stipulation, which was placed on the record and presented to the jury. The stipulation states:

> That prior to August 29, 2018, defendant, Lamarcus Martin was knowingly convicted of a felony offense, that is a crime punishable by a term of imprisonment exceeding one year, and was thereafter prohibited from possessing firearms. The parties agree that the element of the defendant's status as a prior convicted felon *and his knowledge of his status as a prior convicted felon* may be considered as proven beyond a reasonable doubt without the necessity of calling any witnesses or introducing any documents.

Exhibit G-15 (emphasis added).[2]

At the conclusion of the government's case-in-chief, the government and the Movant reached a resolution of this matter in which Martin would plead guilty to Counts One (18 U.S.C. § 922(g) and § 924(a)(2)) and Two (21 U.S.C. § 841(a) and (b)(1)(D)) of the Superseding Indictment. Doc. 55. A change of plea hearing took place on October 1, 2019. *Id.* At the change of plea hearing, Martin's counsel stated that he believed Martin to be capable of entering a valid guilty plea. *Id.* at 12.

Martin stated that he had ample opportunity to discuss the case with his attorney – and that he was satisfied with his attorneys' representation. *Id.* Martin acknowledged that he had

---

[2] The original signed stipulation document (entered into evidence at trial as Exhibit G-15) could not be located. However, counsel for the Government and trial counsel for the Movant have provided their unsigned versions to the court, and both documents were identical. The court has appended the text of the unsigned version to the instant memorandum opinion.

received a copy of the Superseding Indictment – and discussed with counsel available defenses.

*Id*. at 13. Count One in the Superseding Indictment reads:

> On or about August 29, 2018, in the Northern District of Mississippi, LARMARCUS MARTIN, defendant, having previously been convicted in a court of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, did possess one or more firearms, namely, a Phoenix Arms semi-automatic handgun, Model HP 22A, .22 caliber and a Charles Daly semi-automatic handgun, .45 ACP caliber, in and affecting interstate commerce, and did so knowingly, in violation of Title 18 United States Code, Sections 922(g)(1) and 924(a)(2).

Doc. 13 at 1.

The court asked Martin whether he had committed the crime charged in Count One of the

Superseding Indictment:

| **Court:** | Did you, as charged in Count 1 of this indictment, at a time after you'd been convicted of a felony, have in your possession a firearm that had traveled in interstate commerce? |
|---|---|
| **Defendant:** | Yes, Your Honor. |

Doc. 55 at 18.

Martin pled guilty and was sentenced on January 27, 2020. Doc. 71. He did not appeal the judgment

or conviction, and he filed the instant Motion to Vacate Judgment on January 12, 2021.

Martin argues that *Rehaif* now requires the government to prove not only that he knowingly

possessed the firearm but also that he knew he was a convicted felon at the time of the offense. Doc.

74. He claims that his plea was "involuntary in the Constitutional sense." *Id*. As set forth above and

discussed in greater detail below, the government superseded the Indictment in light of *Rehaif* to

change the manner in which Count One was charged, and the petitioner stipulated at trial that his

knowledge of his status as a prior convicted felon may be considered as proven beyond a reasonable

doubt. Exh. G-15 (original housed in the Clerk's Office). As discussed below, Martin's motion is

both procedurally defaulted and without substantive merit – and will thus be dismissed as frivolous.

- 6 -

**The Doctrine of Procedural Default**

Martin has procedurally defaulted his claim regarding whether he had knowledge that he was a convicted felon at the time he possessed firearms. A defendant may not raise issues in his § 2255 motion, other than ineffective assistance of counsel, that he could have raised on direct appeal. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). This doctrine is known as *procedural default.*

**Cause and Prejudice – and Fundamental Miscarriage of Justice –
As Ways to Overcome Procedural Default**

When a § 2255 movant's claims are procedurally defaulted, he may overcome this barrier by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief on direct appeal. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993) (in the § 2254 context).[3] To establish prejudice, a movant must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a movant fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default by showing that application of the default would result in a fundamental miscarriage of justice. *Fairman v. Anderson,* 188 F.3d

---

[3] The doctrine of procedural default operates in a similar manner, whether during a collateral challenge to a state conviction under 28 U.S.C. § 2254, or to a federal conviction under 28 U.S.C. § 2255:

> The procedural default doctrine applies to state prisoners seeking relief under 28 U.S.C.A. § 2254 and federal prisoners seeking relief under 28 U.S.C.A. § 2255.

§ 24:3. General principles, Postconviction Remedies § 24:3. Thus, the court will cite authority in both contexts on this issue.

635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)).  To show that such a miscarriage of justice would occur, a petitioner must prove "as a factual matter, that he did not commit the crime of conviction."  *Id.*  Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id.*

In the present case, *Rehaif* had been published for about three months when Martin entered a plea (Doc. 55) – and about seven months when he was sentenced (Doc. 71).  He did not raise the issue of the new element necessary to prove a charge under § 922(g) in light of *Rehaif* at either of those hearings.  In addition, he did not seek a direct appeal – and thus did not raise the issue on appeal.  To challenge a conviction or sentence under § 2255, claims regarding the voluntariness or intelligence of a guilty plea must first be raised on direct appeal.  *Bousley v. United States*, 523 U.S. 614, 621 (1998).  Martin has therefore procedurally defaulted this claim.  Martin has shown neither cause for his default, prejudice from its application, nor that a fundamental miscarriage of justice would occur if the court applied the default.  As such, he has not overcome the procedural default, and this ground for relief will be dismissed for that reason.

## Martin's Claim Also Fails on the Merits

Aside from dismissal under the doctrine of procedural default, Martin's claim fails on the merits, as it is contradicted in the record.  As set forth above, *Rehaif* changed the elements of a charge under § 922(g) so that the government now has to prove not only that the Movant knew he possessed the firearm, but also knew that he was a convicted felon.  As set forth above, the court's recitation of the elements of Count One (possession of a firearm by a prohibited person) at the change of plea hearing did not specify that Martin must know that he was a convicted felon to be convicted under § 922(g) – other than stating "as charged in Count 1 of this indictment."  Doc. 55 at 18.  However, the

- 8 -

Superseding Indictment, which Martin acknowledged reviewing with counsel, set forth the correct elements of the offense (violation of § 922(g)) in Count One:  (1) he possessed a firearm; (2) prior to the possession he had been convicted of a felony; (3) he knowingly possessed the firearm "having previously been convicted … of a felony"; and (4) the firearm had traveled in interstate commerce. Doc. 13.  The third element addresses the knowing requirement set forth in *Rehaif*.  Indeed, Martin stipulated at trial that "the element of the defendant's status as a prior convicted felon and his knowledge of his status as a prior convicted felon may be considered as proven beyond a reasonable doubt."  Exh. G-15 (original housed in the Clerk's Office).  Thus, Martin *stipulated* prior knowledge of the very thing he now claims not to have known – and did so before entering his guilty plea.  He cannot now legitimately argue that his plea was "involuntary in the Constitutional sense" because it allegedly failed to meet an essential element of the offense (knowledge of his status as a convicted felon).  Hence, in the alternative, this claim will be dismissed on the merits as frivolous.

**Conclusion**

In sum, the Movant's sole ground for relief (regarding his knowledge that he was a convicted felon at the time he possessed firearms) is both procedurally barred and wholly without merit.  As such, the instant motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 will be dismissed with prejudice as frivolous.  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 21st day of February, 2024.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE